**Fox Rothschild LLP**
formed in the Commonwealth of Pennsylvania
1301 Atlantic Avenue
Midtown Building, Suite 400
Atlantic City, New Jersey  08401
609-348-4515  (FAX: 609-348-6834)
Eric M. Wood Attorney ID #022581990
Epiphany McGuigan Attorney ID#045911883
Attorneys for Defendant
AtlantiCare Regional Medical Center

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LATIFAH DAVIS, Individually and as General Administratrix and Administratrix ad Prosequendum of the Estate of L.J.<br><br>Plaintiff,<br><br>vs.<br><br>BLAIR A. BERGEN, M.D.; NICOLE M. SIEMS, DO; ATLANTICARE REGIONAL MEDICAL CENTER a/k/a ARMC Mainland Campus; JOHN DOES 1-10 (FICTITIOUS PARTIES: ABC CORPS. 1-10 (FICTITIOUS PARTIES)<br><br>Defendants. | **Civil Action No. 22-CV-1401**<br><br>**DEFENDANT, ATLANTICARE REGIONAL MEDICAL CENTER, ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, REQUEST FOR STATEMENT OF DAMAGES, NOTICE OF DESIGNATION OF TRIAL COUNSEL, JURY DEMAND, AND CROSSCLAIM** |

NOW COMES the defendant, AtlantiCare Regional Medical Center, by way of Answer to Plaintiff's Complaint, says:

### INTRODUCTION

1.      Denied.

### PARTIES

2.      Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

130934676.1

3.        Admitted

4.        Admitted.

5.        The allegations of this paragraph are neither admitted nor denied.

6.        Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

7.        Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

## FACTUAL ALLEGATIONS

8.        Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

9.        Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

10.       Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

11.       Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

130934676.1

12.     Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

13.     Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

14.     Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

15.     Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

16.     Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

17.     Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

18.     Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

19.     Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

20.     Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

21.     Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

22.     Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

23.     Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

## JURISDICTIONAL ALLEGATIONS

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

## FIRST COUNT

28.     This answering defendant repeats and incorporates herein by reference each and every answer to the preceding paragraphs of the Complaint.

130934676.1

29.     Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

WHEREFORE, this answering defendant demands judgment dismissing the Complaint and for such other relief as the Court deems to be just and equitable.

## SECOND COUNT

34.     This answering defendant repeats and incorporates herein by reference each and every answer to the preceding paragraphs of the Complaint.

35.     Denied.

36.     Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

37.     Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

38.     Denied.

39.     Denied.

WHEREFORE, this answering defendant demands judgment dismissing the Complaint and for such other relief as the Court deems to be just and equitable.

130934676.1

## THIRD COUNT

40.    This answering defendant repeats and incorporates herein by reference each and every answer to the preceding paragraphs of the Complaint.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

WHEREFORE, this answering defendant demands judgment dismissing the Complaint and for such other relief as the Court deems to be just and equitable.

## FOURTH COUNT

47.    This answering defendant repeats and incorporates herein by reference each and every answer to the preceding paragraphs of the Complaint.

48.    Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

WHEREFORE, this answering defendant demands judgment dismissing the Complaint and for such other relief as the Court deems to be just and equitable.

130934676.1

## **FIFTH COUNT**

53.    This answering defendant repeats and incorporates herein by reference each and every answer to the preceding paragraphs of the Complaint.

54.    Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

55.    Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

56.    Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

57.    Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

58.    Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

59.    Denied.

WHEREFORE, this answering defendant demands judgment dismissing the Complaint and for such other relief as the Court deems to be just and equitable.

130934676.1

## SIXTH COUNT

60.    This answering defendant repeats and incorporates herein by reference each and every answer to the preceding paragraphs of the Complaint .

61.    Denied.

62.    Denied.

63.    Denied.

WHEREFORE, this answering defendant demands judgment dismissing the Complaint and for such other relief as the Court deems to be just and equitable.

## SEVENTH COUNT

64.    This answering defendant repeats and incorporates herein by reference each and every answer to the preceding paragraphs of the Complaint.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

73.    Denied.

74.    Denied.

75.    Denied.

130934676.1

76.   Denied.

77.   Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

78.   Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.

79.   Denied.

80.   Denied.

81.   Denied.

82.   Denied.

83.   Denied.

WHEREFORE, this answering defendant demands judgment dismissing the Complaint and for such other relief as the Court deems to be just and equitable.

## CROSS-CLAIM FOR COMMON LAW INDEMNIFICATION

If defendant, AtlantiCare Regional Medical Center, is guilty of negligence or otherwise liable to the plaintiff in any sum whatsoever, which fact is denied, co-defendants, Blair A. Bergen, M.D. and Nicole M. Siems, D.O., are liable to indemnify and completely save harmless defendant, AtlantiCare Regional Medical Center, under common law principles of indemnity and under contract express and implied.

130934676.1

## FIRST AFFIRMATIVE DEFENSE

Defendant hereby reserves the right to amend this Answer to assert additional Separate

Defenses as revealed or suggested by the completion of on-going investigation and discovery.

## SECOND AFFIRMATIVE DEFENSE

At all times and places mentioned in the Complaint herein, the defendant violated no

legal duty owing by defendants to plaintiff.

## THIRD AFFIRMATIVE DEFENSE

At all times and places mentioned in the Complaint, defendant neither committed any act

nor made any omission in any way related to the subject matter of the within Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Any and all damages alleged to have been suffered by plaintiff are not causally related to

any act or omission alleged to be chargeable to defendant.

## FIFTH AFFIRMATIVE DEFENSE

This defendant denies that the co-defendants or any of them are, at the time of the

incident alleged in the Complaint, the agents, servants, or employees of this defendant.

## SIXTH AFFIRMATIVE DEFENSE

Any injury, damage or loss sustained by plaintiff was due to the acts or omissions of a

third party over whom this defendant exercised no authority and had no control.

## SEVENTH AFFIRMATIVE DEFENSE

In the event damages should be awarded to plaintiff, they must be diminished by that

percentage of plaintiff's own negligence pursuant to the terms and provisions of the Comparative

Negligence Statute of the State of New Jersey, N.J.S.A. 2A:15-5.1 et seq.

## EIGHTH AFFIRMATIVE DEFENSE

This defendant includes all separate defenses applicable to plaintiff which have been raised by any other co-defendant in the within matter as if fully set forth herein and makes the same, to such extent that it does not imply liability on the part of this defendant, jointly and severally, this defendant's defenses.

## NINTH AFFIRMATIVE DEFENSE

This defendant denies committing any act of negligence or violating any duty owed to plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Any conditions of which plaintiff complains or from which plaintiff presently suffers are unrelated to any of the incidents referred to in the Complaint, or to actions or treatments that were performed or ordered by this defendant, either by causation, exacerbation, or both.

## ELEVENTH AFFIRMATIVE DEFENSE

The defendant avers, with respect to any treatment proposed or rendered to the plaintiff, that it did exercise every degree of care requisite in any hospital-patient relationship, and that the plaintiff was informed of all information of which plaintiff should have been informed, and that in so informing the plaintiff, defendant acted within accepted standards recognized and followed by others in the same profession and specialty.

## TWELFTH AFFIRMATIVE DEFENSE

The defendant avers that whatever duties were required of defendant by and for plaintiff, that they were performed properly, and that defendant employed and demonstrated in performing such duties the requisite skill, discretion, and judgment in accordance with the accepted standards and practices recognized and followed by others of like profession and specialty.

11

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant demands credit for any and all payments by way of insurance or other medical benefits received by the plaintiff as against any award made to plaintiff as a result of this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

Pursuant to R. 4:7-5, this defendant reserves the right to seek a credit reducing the amount of plaintiff's judgment, if any, to reflect the degree of fault allocated by the jury to any co-defendant, regardless of settlement by any co-defendant.  This defendant asserts that the liability of any settling co-defendant shall be an issue at the time of trial. See Young v. Latta, 123 NJ 584 (1991).

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the Entire Controversy Doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

This defendant asserts its right to a credit as to any other settling co-defendant or any other party in any other action with whom plaintiff settles or has settled.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Although defendant denies any negligence in this matter, if defendant is found to have been negligent, such negligence was passive, imputed, and constructive, and the defendant cross-claims for indemnification from the defendant whose negligence was and is primary, actual and direct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims of the plaintiff herein are barred by the Statute of Limitations in such cases made and provided.

130934676.1

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's condition is the direct and proximate result of the natural degenerative changes of the human body, and have (and would have) occurred despite any and all intervention, prescription and treatment, or lack thereof, by this defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims against the answering defendants are barred or eliminated by the applicable provisions of N.J.S.A. 2A:53A-26 et seq.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against the answering defendants are barred or eliminated by the applicable provisions of N.J.S.A. 2A:53A-40 et seq.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent applicable, answering defendants were entitled to the protection of any applicable immunity or limitation on recovery under New Jersey Law including but not limited to the provisions of N.J.S.A. 2A:53A-7 and 8.

### REQUEST FOR STATEMENT OF DAMAGES

Pursuant to the provisions of R. 4:5-2, it is requested that within five days of service hereof, you furnish a written statement specifying the amount of damage claimed by the plaintiff in the above-entitled action.

### NOTICE OF DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Eric M. Wood, Esquire, is hereby designated as trial counsel.

**AFFIDAVIT OF MERIT**

Pursuant to <u>N.J.S.A.</u> 2A:53A-26, demand is made, here and now, for an Affidavit of Merit as to a Board Certified OB/GYN and an individual competent in hospital administration and medication maintenance.

### JURY DEMAND AND NOTICE PURSUANT TO RULE 1:8(c)

The answering defendant(s) demand a trial by jury on all issues so triable.  Notice is hereby given that this demand shall continue and become effective upon the drawing of a jury of six persons and that the stipulation customarily deemed to have been agreed to pursuant to Rule 1:8-2(c) is specifically rejected.  Defendants hereby place on the record refusal to stipulation to a verdict by less than six jurors on any question before the jury.

### NOTICE PURSUANT TO R. 1:5-1(a) and 4:17-4(c)

Please take notice that the undersigned attorney does hereby demand, pursuant to the above cited Rules of Court that each party herein serving pleadings and interrogatories and receiving answers thereto, serve all copies of such pleadings and answered interrogatories, and all documents, papers and other material referred to therein, received from any party, upon the undersigned attorney and take notice that this is a continuing demand.

**FOX ROTHSCHILD LLP**

By: _____
       Eric M. Wood, Esquire

Dated:  May 5, 2022

## <u>CERTIFICATION PURSUANT TO R. 4:5-1</u>

I certify that to the best of my knowledge there are no other pending actions or arbitration proceedings concerning the subject of this action, and that no such other actions or arbitration proceedings are contemplated at this time.  I further certify that I know of no other persons who should be joined as parties in this action at this time.

**FOX ROTHSCHILD LLP**

By: _____
                    Eric M. Wood, Esquire

Dated:  May 5, 2022

**Fox Rothschild LLP**
formed in the Commonwealth of Pennsylvania
1301 Atlantic Avenue
Midtown Building, Suite 400
Atlantic City, New Jersey  08401
609-348-4515  (FAX: 609-348-6834)
Eric M. Wood Attorney ID #022581990
Epiphany McGuigan Attorney ID#045911883
Attorneys for Defendant
AtlantiCare Regional Medical Center

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LATIFAH DAVIS, Individually and as General Administratrix and Administratrix ad Prosequendum of the Estate of L.J.<br><br>                      Plaintiff,<br><br>vs.<br><br>BLAIR A. BERGEN, M.D.; NICOLE M. SIEMS, DO; ATLANTICARE REGIONAL MEDICAL CENTER a/k/a ARMC Mainland Campus; JOHN DOES 1-10 (FICTITIOUS PARTIES: ABC CORPS. 1-10 (FICTITIOUS PARTIES)<br><br>                Defendants. | **Civil Action No. 22-CV-1401**<br><br>**PROOF OF FILING AND SERVICE** |

I, Jo Ann Rowen, hereby certify as follows:

1.  I am a Client Service Specialist at Fox Rothschild LLP, attorneys for defendant, AtlantiCare Regional Medical Center.
2.  On May 5, 2022, I efiled Answer to Plaintiff's' Complaint on behalf of defendant, AtlantiCare Regional Medical Center and I served a copy on all counsel of record via e-filing.
3.  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

_____
Jo Ann Rowen

16

130934676.1