PHILIP R. SELLINGER
United States Attorney
JOHN STINSON
Assistant U.S. Attorney
401 Market Street, 4th Floor
Camden, NJ 08101
Tel. 856-757-5139
e-mail: John.Stinson@usdoj.gov
*Counsel for the United States*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LATIFAH DAVIS, Individually and As General Administratrix and Administratrix Ad Prosequendum of the Estate of L.J., <br><br> *Plaintiffs,* <br><br> v. <br><br> THE UNITED STATES OF AMERICA; ATLANTICARE REGIONAL MEDICAL CENTER, a/k/a ARMC Mainland Campus; JOHN DOES 1-10 (fictitious parties); ABC ENTITIES 1-10 (fictitious parties), <br><br> *Defendants.* | Civil Action No. 22-CV-1401 (RBK)(AMD) <br><br> **ANSWER OF THE UNITED STATES OF AMERICA WITH SEPARATE DEFENSES, CROSS-CLAIMS, AND ANSWERS TO CROSS-CLAIMS** |

Defendant, the United States of America (substituted by statute for deemed federal employees Blair A. Bergen, M.D. and Nicole M. Siems, D.O.), by its counsel, Philip R. Sellinger, United States Attorney for the District of New Jersey, and John Stinson, Assistant United States Attorneys, appearing, answer the Complaint in this matter (Exhibit 1 to ECF No. 1), brought by Latifah Davis individually and as administratrix of the Estate of L.J. (hereafter, "Plaintiff") as follows:

1

**INTRODUCTION**[1]

1.      This paragraph contains Plaintiff's characterization of her claims against the defendants and therefore, no response is required. To the extent that a further answer is required, the United States denies that Plaintiff objected to the use of Cytotec; denies Plaintiff's characterizations of that medication; and denies the allegations about the conduct of the various defendants, particularly the discriminatory allegations, and the alleged results. The United States further denies that it was negligent or is liable for any damages to Plaintiff. Any further factual allegations in this paragraph are denied.

**PARTIES**

2.      Denied. Defendant United States lacks sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

3.      Admitted in part and denied in part. Defendant United States admits that Dr. Bergen is licensed to practice medicine in New Jersey and provides obstetrical and gynecological care. The remaining factual allegations in this paragraph are denied. By way of further answer, the United States has been substituted for Dr. Bergen as the proper party defendant for Plaintiff's claims arising under the Federal Tort Claims Act ("FTCA").

---

[1]      The United States has adopted the same headers used by Plaintiff in her Complaint. The adoption of such headers is not intended to serve as an admission of any kind and any factual inferences that may accompany any specific heading are denied by the United States.

4.     Admitted in part and denied in part. Defendant United States admits that Dr. Siems is licensed to practice medicine in New Jersey and provides obstetrical and gynecological care. The remaining factual allegations in this paragraph are denied. By way of further answer, the United States has been substituted for Dr. Siems as the proper party defendant for Plaintiff's claims arising under the FTCA.

5.     The allegations of this paragraph concern a defendant other than the United States. Accordingly, the United States makes no response. To the extent a response is required, Defendant United States lacks sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

6.     The allegations of this paragraph concern a defendant other than the United States. Accordingly, the United States makes no response. To the extent a response is required, Defendant United States lacks sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

7.     The allegations of this paragraph concern a defendant other than the United States. Accordingly, the United States makes no response.  To the extent a response is required, Defendant United States lacks sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

## **FACTUAL ALLEGATIONS**

8.     Admitted. By way of further response, Plaintiff agreed to appear at AtlanticCare for induction of labor.

9.     On behalf of answering Defendant United States, admitted in part and denied in part. Admitted only that Plaintiff's medical providers discussed the plan

3

for induction of labor with Plaintiff, including the use of medications in the process. The remaining allegations in this paragraph are denied.

10.     Denied.

11.     Denied. The United States specifically denies that Dr. Bergen or Dr. Siems "coerced" Plaintiff or made misrepresentations to her regarding her medical care. By way of further response, to the extent Plaintiff seeks to establish a standard of care for the use of Cytotec through her allegations, as a matter of New Jersey medical malpractice law, such facts cannot be established by Plaintiff's averments alone.

12.     On behalf of answering Defendant United States, denied. By way of further response, to the extent Plaintiff seeks to establish a standard of care for the use of Cytotec through her allegations, as a matter of New Jersey medical malpractice law, such facts cannot be established by Plaintiff's averments alone. To the extent that the allegations in this paragraph concern other persons,  the United States makes no response. To the extent a response is required, Defendant United States lacks sufficient information to admit or deny the allegations contained in this paragraph as to those other persons and therefore denies them.

13.     Denied. To the extent Plaintiff seeks to establish a standard of care for the use of Cytotec through her allegations, as a matter of New Jersey medical malpractice law, such facts cannot be established by Plaintiff's averments alone. By way of further response, at present, the United States lacks sufficient information

to admit or deny any remaining allegations contained in this paragraph and therefore denies them.

14.     The United States incorporates its response to Paragraph 13 as if set forth in full herein. Any remaining allegations in this paragraph are denied.

15.     The United States incorporates its response to Paragraph 12 as if set forth in full herein. Any remaining allegations in this paragraph are denied.

16.     The United States incorporates its response to Paragraph 12 as if set forth in full herein. By way of further response, the written materials for the medication at issue speak for themselves and any selection and/or characterization thereof is denied or denied as incomplete. Any remaining allegations in this paragraph are denied.

17.     The United States incorporates its response to Paragraph 12 as if set forth in full herein. By way of further response, the FDA writings regarding the medication at issue speak for themselves and any selection and/or characterization thereof is denied or denied as incomplete. Any remaining allegations in this paragraph are denied.

18.     Admitted in part and denied in part. The United States admits that Plaintiff's medical providers administered 50 mcg of Cytotec. Any characterization of the written medical records regarding such action is denied because such records speak for themselves.

19.     Admitted in part and denied in part. The United States admits that at or around 9:15 a.m., after a spontaneous ruptured membrane with thin meconium

fluid, fetal bradycardia was noted. Any characterization of the written medical records regarding such events is denied because such records speak for themselves.

20.    Admitted. By way of further response, the United States denies any characterization of the written medical record to the extent that the averments in this paragraph contain any.

21.    Admitted. By way of further response, the United States denies any characterization of the written medical record to the extent that the averments in this paragraph contain any.

22.    Admitted in part and denied in part. Defendant United States admits, consistent with the medical records, that L.J.'s initial Apgar scores were 0 at one minute, 1 at five minutes, 2 at ten minutes, and 4 at fifteen minutes. The United States specifically denies any characterization of the written medical record to the extent that the averments in this paragraph contain any. Any remaining allegations in this paragraph are denied.

23.    Admitted.

## JURISDICTIONAL ALLEGATIONS

24.    Denied. This paragraph states Plaintiff's statement of jurisdiction and legal conclusions to which no response is required. To the extent that any further response is required, the United States asserts that this civil action is properly filed in federal court.

25.    Denied.

26.    Denied. This paragraph, including its subparagraphs and footnote, states legal conclusions to which no response is required. To the extent that any

6

further response is required, the United States asserts that this civil action is properly filed in federal court.

27.     Denied. This paragraph states legal conclusions to which no response is required. To the extent that any further response is required, the United States asserts that this civil action is properly filed in federal court. Any remaining allegations in this paragraph are opaque and therefore, they are denied.

## FIRST COUNT

28.     The United States incorporates all previous responses to Plaintiff's allegations as if set forth in full herein.

29.     This paragraph states legal conclusions to which no response is required. To the extent that the allegations of this paragraph concern a defendant other than the United States, the United States lacks sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them. To the extent any further response is required, the United States denies the allegations in this paragraph.

30.     On behalf of answering Defendant United States, denied.  To the extent that the allegations of this paragraph concern a defendant other than the United States, the United States lacks sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them. To the extent this paragraph states legal conclusions, no response is required. To the extent any further response is required, the United States denies the allegations in this paragraph.

31.    On behalf of answering Defendant United States, denied.  To the extent that the allegations of this paragraph concern a defendant other than the United States, the United States lacks sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them. To the extent this paragraph states legal conclusions, no response is required. To the extent any further response is required, the United States denies the allegations in this paragraph.

32.    On behalf of answering Defendant United States, denied.  To the extent that the allegations of this paragraph concern a defendant other than the United States, the United States lacks sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them. To the extent this paragraph states legal conclusions, no response is required. To the extent any further response is required, the United States denies the allegations in this paragraph.

33.    This paragraph, and the paragraph that immediately follows and begins with "WHEREFORE," refer to Plaintiff's prayer for relief, to which no response is required. To the extent any further response is required, the United States denies the allegations in this paragraph and denies that Plaintiff is entitled to any of the relief sought.

## **SECOND COUNT**

34.    The United States incorporates all previous responses to Plaintiff's allegations as if set forth in full herein.

35.     On behalf of answering Defendant United States, denied. To the extent that the allegations of this paragraph concern a defendant other than the United States, the United States lacks sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them. .

36.     Denied.

37.     Denied. Defendant United States specifically denies that Dr. Bergen or Dr. Siems "coerced" Plaintiff or made misrepresentations to her regarding her medical care. By way of further response, to the extent Plaintiff seeks to establish a standard of care for the use of Cytotec through her allegations, as a matter of New Jersey medical malpractice law, such facts cannot be established by Plaintiff's averments alone.

38.     On behalf of answering Defendant United States, denied. To the extent that the allegations of this paragraph concern a defendant other than the United States, the United States lacks sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

39.     On behalf of answering Defendant United States, denied. To the extent that the allegations of this paragraph concern a party other than the United States, including allegations concerning the Plaintiff's mental state, the United States lacks sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them. To the extent any further response is required, the United States denies the allegations in this paragraph.

The paragraph that immediately follows Paragraph 39, and begins with "WHEREFORE," refers to Plaintiff's prayer for relief, to which no response is required. To the extent any further response is required, the United States denies the allegations in this paragraph and denies that Plaintiff is entitled to any of the relief sought.

### THIRD COUNT

40.     The United States incorporates all previous responses to Plaintiff's allegations as if set forth in full herein.

41.     This paragraph states legal conclusions to which no response is required. To the extent that the allegations of this paragraph concern a defendant other than the United States, the United States lacks sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them. To the extent any further response is required, the United States denies the allegations in this paragraph.

42.     On behalf of answering Defendant United States, denied.

43.     On behalf of answering Defendant United States, denied.

44.     On behalf of answering Defendant United States, denied. To the extent that the allegations of this paragraph concern a defendant other than the United States, the United States lacks sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them. To the extent any further response is required, the United States denies the allegations in this paragraph.

45.     On behalf of answering Defendant United States, denied.

46.     On behalf of answering Defendant United States, denied. To the extent that the allegations of this paragraph concern a defendant other than the United States, the United States lacks sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them. To the extent any further response is required, the United States denies the allegations in this paragraph.

The paragraph that immediately follows Paragraph 46, and begins with "WHEREFORE," refers to Plaintiff's prayer for relief, to which no response is required. To the extent any further response is required, the United States denies the allegations in this paragraph and denies that Plaintiff is entitled to any of the relief sought.

## FOURTH COUNT

47.      The United States incorporates all previous responses to Plaintiff's allegations as if set forth in full herein.

48.     This paragraph states legal conclusions to which no response is required. To the extent that the allegations of this paragraph concern a defendant other than the United States, the United States lacks sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them. To the extent any further response is required, the United States denies the allegations in this paragraph.

49.     On behalf of answering Defendant United States, denied.

50.     On behalf of answering Defendant United States, denied.  To the extent that the allegations of this paragraph concern a defendant other than the United States, the United States lacks sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them. To the extent any further response is required, the United States denies the allegations in this paragraph.

51.     On behalf of answering Defendant United States, denied. To the extent that the allegations of this paragraph concern a party other than the United States, including allegations concerning the Plaintiff, the United States lacks sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them. To the extent any further response is required, the United States denies the allegations in this paragraph.

52.     This paragraph, and the paragraph that immediately follows and begins with "WHEREFORE," refer to Plaintiff's prayer for relief, to which no response is required. To the extent any further response is required, the United States denies the allegations in this paragraph and denies that Plaintiff is entitled to any of the relief sought.

**FIFTH COUNT**

53.     The United States incorporates all previous responses to Plaintiff's allegations as if set forth in full herein.

54.     On behalf of answering Defendant United States, admitted in part and denied in part. The United States admits that Plaintiff's medical providers

administered 50 mcg of Cytotec. Any characterization of the written medical records regarding such action is denied because such records speak for themselves. Any remaining allegations in this paragraph are denied.

55.   Denied.

56.   Denied. It is specifically denied that Dr. Bergen or Dr. Siems made "false statements" to Plaintiff or "deceived" her regarding her medical care.

57.   Denied.

58.   Denied.

59.   Denied.

The paragraph that immediately follows Paragraph 59, and begins with "WHEREFORE," refers to Plaintiff's prayer for relief, to which no response is required. To the extent any further response is required, the United States denies the allegations in this paragraph and denies that Plaintiff is entitled to any of the relief sought.

## SIXTH COUNT

60.   The United States incorporates all previous responses to Plaintiff's allegations as if set forth in full herein.

61.   As to answering Defendant United States, denied. By way of further answer, Dr. Bergen and Dr. Siems are deemed federal employees of the United States and thus, the United States has been substituted for them as the proper party defendant in this negligence case arising under the FTCA.

62.     As to answering defendant United States, denied. By way of further answer, Dr. Bergen and Dr. Siems are deemed federal employees of the United States and thus, the United States has been substituted for them as the proper party defendant in this negligence case arising under the FTCA. .

63.     The averments in this paragraph are directed to defendants other than the United States. Accordingly, no response is required by the United States. To the extent this paragraph contains allegations concerning the United States, or any medical provider for which the United States has been substituted, such allegations are denied.

The paragraph that immediately follows Paragraph 63, and begins with "WHEREFORE," refers to Plaintiff's prayer for relief, to which no response is required. To the extent any further response is required, the United States denies the allegations in this paragraph and denies that Plaintiff is entitled to any of the relief sought.

## SEVENTH COUNT

64.     The United States incorporates all previous responses to Plaintiff's allegations as if set forth in full herein.

65.     The averments in this paragraph are not directed to Defendant United States and therefore, the United States makes no response. To the extent this paragraph contains allegations concerning the United States, or any medical provider for which the United States has been substituted, such allegations are denied.

66.     On behalf of answering Defendant United States, denied.

67.     On behalf of answering Defendant United States, denied.

68.     The averments in this paragraph are not directed to Defendant United States and therefore, the United States makes no response. To the extent this paragraph contains allegations concerning the United States, or any medical provider for which the United States has been substituted, such allegations are denied.

69.     The averments in this paragraph are not directed to Defendant United States and therefore, the United States makes no response. To the extent this paragraph contains allegations concerning the United States, or any medical provider for which the United States has been substituted, such allegations are denied.

70.     The averments in this paragraph are not directed to Defendant United States and therefore, the United States makes no response. To the extent this paragraph contains allegations concerning the United States, or any medical provider for which the United States has been substituted, such allegations are denied.

71.     Denied. By way of further response, the writings referenced herein speak for themselves and any selection and/or characterization thereof is denied or denied as incomplete.

72.     Denied. The writings referenced herein speak for themselves and any selection and/or characterization thereof is denied or denied as incomplete.

15

73.     On behalf of answering Defendant United States, denied.  To the extent the averments in this paragraph constitute legal conclusions, no response is required.

74.     On behalf of answering Defendant United States, denied.  To the extent the averments in this paragraph constitute legal conclusions, no response is required.

75.     On behalf of answering Defendant United States, denied.  To the extent the averments in this paragraph constitute legal conclusions, no response is required.

76.     The averments in this paragraph are not directed to Defendant United States and therefore, the United States makes no response. To the extent this paragraph contains allegations concerning the United States, or any medical provider for which the United States has been substituted, such allegations are denied. To the extent the averments in this paragraph constitute legal conclusions, no response is required.

77.     Admitted.

78.     Admitted in part and denied in part. Defendant United States admits that Plaintiff was a Medicaid recipient at the time of the events at issue in this lawsuit. The remaining allegations in this paragraph are denied.

79.     The averments in this paragraph are not directed to Defendant United States and therefore, the United States makes no response. To the extent this paragraph contains allegations concerning the United States, or any medical

provider for which the United States has been substituted, such allegations are denied.

80.    The averments in this paragraph are not directed to Defendant United States and therefore, the United States makes no response. To the extent this paragraph contains allegations concerning the United States, or any medical provider for which the United States has been substituted, such allegations are denied.

81.    The averments in this paragraph are not directed to Defendant United States and therefore, the United States makes no response. To the extent this paragraph contains allegations concerning the United States, or any medical provider for which the United States has been substituted, such allegations are denied.

82.    The averments in this paragraph are not directed to Defendant United States and therefore, the United States makes no response. To the extent this paragraph contains allegations concerning the United States, or any medical provider for which the United States has been substituted, such allegations are denied.

83.    The averments in this paragraph are not directed to Defendant United States and therefore, the United States makes no response. To the extent this paragraph contains allegations concerning the United States, or any medical provider for which the United States has been substituted, such allegations are denied.

The paragraph that immediately follows Paragraph 83, and begins with "WHEREFORE," refers to Plaintiff's prayer for relief not directed at Defendant United States and therefore, the United States makes no response is required. To the extent any further response is required, the United States denies the allegations in this paragraph and denies that Plaintiff is entitled to any of the relief sought.

## JURY DEMAND

Plaintiff is not entitled to a jury as to Defendant United States pursuant to the Federal Tort Claims Act.

## DESIGNATION OF TRIAL COUNSEL

The United States does not make any response to Plaintiff's trial counsel designation.

## DEMAND FOR MEDICAL SPECIALTY

At all relevant times to the Complaint, Blair A. Bergen, M.D., and Nicole M. Siems, D.O., were board certified in obstetrics/gynecology.

## DEMAND FOR INSURANCE COVERAGE

New Jersey Court Rule 4:10-2 is not applicable to this action and thus, it does not place any obligation upon the United States under the Federal Rules of Civil Procedure or the Federal Tort Claims Act. Accordingly, no further response is required. To the extent that Plaintiff seeks information subject to initial disclosure under Fed. R. Civ. P. 26(a), the United States will provide such information in keeping with the Federal Rules and any orders of this Court.

## DISCOVERY DEMANDS

Defendant United States objects to the inclusion of discovery demands in the Complaint because doing so violates the requirements of the Federal Rules of Civil Procedure and is inconsistent with case management procedures in this Court.

\*      \*      \*      \*

Defendant United States denies all factual allegations set forth in the Complaint, unless specifically admitted in the paragraphs of this Answer set forth above.

## SEPARATE AND AFFIRMATIVE DEFENSES

Separately and affirmatively, Defendant United States alleges:

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      The Court lacks subject matter over some or all of Plaintiff's claims.

3.      Plaintiff's claims are barred by the applicable limitations period.

4.      Any failure of Plaintiff to provide an appropriate Affidavit of Merit as required by N.J.S.A. 2A:53A-27 is a failure to state a cause of action.

5.      At all times relevant to the incident or events giving rise to Plaintiff's Complaint, Defendant United States, and its deemed employees, applied the knowledge and used the skills and care ordinarily used by medical providers of the same type and specialty, giving due regard to the locality involved.

6.      The United States did not fail to discharge any duty owed to Plaintiff.

7.      Any injuries or damages caused to Plaintiff or L.J. were not caused by a negligent or wrongful act or omission of Defendant United States or its deemed employees.

8.      The injuries or damages, or both, alleged in the Complaint were not proximately caused by a negligent act or omission of any employee of the United States, acting within the scope and course of his, her or its employment.

9.      The United States affirmatively pleads, and would show, that Plaintiff's alleged injuries and/or Plaintiff's damages, if any, were the result of unavoidable medical complications due to Plaintiff's pre-existing poor health, medical conditions, or complications for which the United States and its deemed employees are not responsible or liable.

10.     Plaintiff affirmatively declined medical treatment against the advice of her providers and/or failed to follow medical advice and has failed to mitigate or minimize her damages, if any.

11.     Negligence on the part of the Plaintiff was the sole and proximate cause of the injuries, damages and losses alleged in the Complaint.

12.     No conduct by the United States increased the risk of harm posed by Plaintiff's pre-existing conditions.

13.     In the event that Defendant United States is found negligent, which negligence Defendant specifically denies, such negligence is not the cause in fact, or proximate cause of, or substantial factor in, any injury or damages alleged in the Complaint.

14.     The injuries, damages and losses alleged in the Complaint were solely and proximately caused by the negligence of third parties, known or unknown, over whom Defendant United States exercised no supervision or control.

15.     Plaintiff's negligence or other culpable conduct contributed to the alleged injuries; therefore, any recovery must be eliminated or diminished by the percentage sustained due to the negligence attributable to Plaintiff pursuant to New Jersey law governing contributory negligence. N.J.S.A. 2A:15-5.1 *et seq*.

16.     In the event the United States is found to have been negligent, which negligence is specifically denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the purported negligence of the United States and Plaintiff's injuries, cutting off the legal effect of the United States' negligence.

17.     Recoverable damages, if any, are subject to the limits of the law of the State of New Jersey.

18.     If any damages are recoverable from Defendant United States in this action, the amount of such damages is limited to $250,000 under the damages cap of the New Jersey Charitable Immunity Act, N.J.S.A. 2A:53A-8.

19.     Defendant United States is absolutely immune from liability under the New Jersey Charitable Immunity Act, N.J.S.A. 2A:53A-7.

20.     If any damages are recoverable against the United States, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to third parties bears to the culpable conduct that caused the damages.

21.     In the event a judgment is recovered herein against Defendant United States, said judgment should be reduced by those amounts which have been, or will, with reasonable certainty, be reimbursed or indemnified, in whole or in part, from any collateral source, including from various forms of federal benefits or any other sources set forth in N.J.S.A. 2A:15-97.

22.     The recovery of any Plaintiff, if any, must be each reduced to extent said Plaintiff failed to mitigate damages.

23.     Any award for alleged future losses must be discounted to present value.

24.     Plaintiff's recovery, if any, for special damages arising from or related to medical costs are limited to only the reasonable amount of such damages.

25.     Plaintiff's claims against the United States are subject to, and limited by, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.

26.     No plaintiff can proceed on an FTCA claim until that plaintiff exhausts administrative remedies.

27.     Plaintiff's recovery, if any, is limited to the amount of her administrative claim. 28 U.S.C. § 2675(b).

28.     Any recovery by Plaintiff is subject to the availability of appropriated funds. 42 U.S.C. § 233(k).

29.     Plaintiff is limited to the legal theories and type of damages presented in their administrative claims. 28 U.S.C. § 2675(a).

30.    Plaintiff's recovery, if any, is subject to administrative offset for any obligation owed to any agency, instrumentality, or department of the United States or any other obligation collectible under the Treasury Offset Program or similar mechanism.

31.    Plaintiff is not entitled to a jury trial under the Federal Tort Claims Act. 28 U.S.C. § 2402.

32.    Plaintiff is not entitled to recover prejudgment interest or punitive damages from Defendant United States. 28 U.S.C. § 2674.

33.    Plaintiff is not entitled to recover attorneys' fees from Defendant United States.

34.    According to the Federal Tort Claims Act, attorney's fees taken from any judgment or settlement amount shall not exceed 25 percent. 28 U.S.C. § 2678.

35.    Defendant United States reserves the right to plead such additional defenses as may become known through investigation, discovery, research and otherwise.

## CROSS-CLAIMS FOR CONTRIBUTION AND INDEMNIFICATION AGAINST CO-PARTIES

Without admitting any liability for the injuries, damages, and losses alleged in the Complaint (for which liability is specifically denied), Defendant United States asserts that should liability be assessed against it, the United States is entitled to, and hereby demands and claims, contribution and/or indemnification from the other defendants in this action, pursuant to common law, any applicable contracts, and

the provisions of the New Jersey Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 *et seq.*, and the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 *et seq.*

With regard to the United States' claim for contribution, Defendant United States alternatively contends that in the event that proofs develop in discovery or at trial to establish a basis for liability against any other defendant, and such defendant or defendants enter into a settlement agreement, in whole or in part with Plaintiff, then Defendant United States asserts a claim for credit reducing the amount of any judgment in favor of Plaintiff and against the United States to reflect the degree of fault allocated to the settling Defendant or Defendants pursuant to *Young v. Latta*, 123 N.J. 584 (1991).

## DEMAND FOR ALLOCATION

If any other defendant settles prior to verdict, defendant United States will seek an allocation of the percentage of negligence by the finder of fact against the settling defendant or defendants. Defendant United States will seek this allocation whether or not they have formally filed a crossclaim against the settling defendant or defendants. Defendant United States will rely upon the examination and cross-examination of Plaintiff's expert witnesses and any and all other witnesses at the time of trial in support of this allocation. You are being apprised of this demand for allocation pursuant to *Young v. Latta*, 123 N.J. 584 (1991).

## ANSWER TO ALL CROSS-CLAIMS AGAINST
## DEFENDANT UNITED STATES

Defendant United States, by way of answer to all cross-claims asserted against it, or which shall be asserted against it by any defendant in this action,

24

denies responsibility for such claims and denies each and every allegation contained therein.

## DEMAND FOR AFFIDAVIT OF MERIT

Pursuant to N.J.S.A. 2A:53A-26 *et seq*., Defendant United States hereby demands that Plaintiffs to produce an Affidavit of Merit that meets the requirements of New Jersey professional liability law within the time specified therein.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to Local Civil Rule 8.1, Defendant demands that within fourteen (14) days of service hereof, the Plaintiff serve upon the undersigned a written statement of all damages claimed in the Complaint.

WHEREFORE, having fully answered, Defendant United States prays that this Court dismiss Plaintiff's Complaint and for such further relief as this Court deems just and proper.

Respectfully submitted,

PHILIP K. SELLINGER
United States Attorney

/ s / *John T. Stinson*

May 16, 2022                                    JOHN T. STINSON
Assistant United States Attorney

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 16, 2022, I caused Defendant United States of America's Answer and Separate Defenses, Crossclaims, and Answer to Crossclaims and this Certificate of Service to be electronically filed with the Court and that a copy has been served through the Court's electronic filing system on all counsel.

<u>/ s / *John Stinson*</u>
John Stinson
Assistant United States Attorney